BIELD, P.
The appeal in this case was allowed from an order of the late Superior Court of Chancery for the city of Richmond, by which an exception taken to the sufficiency of the appellant’s answer to the appellee’s bill was sustained, and the appellant ordered to answer the bill more fully and sufficiently within thirty days next after the date of the said order. The appeal was allowed by a judge of the Supreme Court of Appeals on the 10th of March, 1845. At that time an appeal might be allowed from interlocutory decrees, but only in the cases specified in the act of 10th April, 1831. (Acts of 1830-1, p. 51.) By that act it was provided, “That no appeal shall be allowed from interlocutory decrees or orders in chancery of the Circuit Superior Courts of Law and Chancery, to the Court of Appeals, unless by such decree, or order, money shall be required to be paid, or the possession or title of property be changed, or the judge or court to whom the petition *642 for appeal shall be preferred, .shall think such appeal proper to settle the principles of the cause, and to avoid expense and delay.” The order from which the appeal was allowed in this case did not require the payment of money, nor did it require any change to be made in the possession or title to property, nor can it be regarded as settling the principles of the cause. A cause can be decided only upon the pleadings, or upon the pleadings and evidence. And hence the principles of the cause cannot be settled until there is an issue, either of fact or law, or the bill is taken for confessed. The tendency *of the order in this case, was to prepare the cause for a decision, so that its principle might be settled, and was in fact tantamount to a declaration on the part of the court, that the principles of the cause would not be decided upon the pleadings as they then stood. Taking this view of the subject, we are of opinion, that the appeal was improvidently allowed, and must, therefore, be dismissed, with costs.
The other judges concurred.